MIKE STANDER, respondent,

*v.*

SOPHIE KRALL, appellant.

[Decided May 20th, 1929.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Buchanan, who filed the following opinion:

"The bill is filed to set aside a deed of conveyance made by the complainant to the defendant Mrs. Krall in November of 1921, on the ground of fraud. Mrs. Krall's husband and a tenant are also defendants, but have filed no answer, and decree *pro confesso* will be taken against them.

"Although the legal title to the property, prior to the conveyance now attacked, stood in the name of complainant, the defendant Mrs. Krall admittedly had an equitable interest therein. She says it was the entire equitable interest; that complainant took title as her agent in trust for her. He says that he took title for himself and her as partners, and that he made the conveyance in question on the representation and in the belief that it was a deed for only Mrs. Krall's one-half interest.

"The evidence is conflicting. It seems to me, however, upon the clear weight of the evidence, that the complainant is entitled to a decree.

"In addition to the testimony of complainant, there is the corroborating testimony of Mr. Towland, the agent (who, so far as has been shown, has absolutely no interest one way or the other in the case), as to Mrs. Krall's statements that she and complainant were buying the property together as partners; that the two went around together and looked at the farm and talked with him. There is also the testimony of the other witness or witnesses as to what was said by Mrs. Krall at about the same time; and the testimony of Mr. Voorhees Kline, who certainly has no interest, and whose credibility is of the highest, as to what she said to him long after the farm had been bought, that the two owned it together as partners.

"There is further Mrs. Krall's conduct and the conduct of Stander himself in assuming the obligations on these mortgage notes and bonds, both individually and with Mrs. Krall. There are also some significant things in her own testimony. She says she went and bought the plow and the harrow and the cultivator and got the sales slip for them; that Stander was not present, and that the sales slip was made out to her name alone. The sales slip, in evidence, shows that it was made out to both. Moreover, again and again in her testimony she used the word "we" in speaking about what was done in the operation of the farm and the financing, &c. Sometimes she would say "I," and sometimes, apparently forgetting herself, she said "we," obviously referring to Stander and herself. Her testimony that she kept the money in a drawer in her room, and that complainant had a key to this drawer, is not without significance.

"There is also the fact that Mr. Ross was not produced as a witness or his testimony taken. If Mrs. Krall's story were true, Ross would have been an important witness for her. Neither was her son produced as a witness, nor any reason given for his non-production. She did not produce her bank

book nor any of her books of account. McCullough's credibility, of course, is badly impaired by his conviction for forgery and embezzlement, and the testimony of his stenographer could not be believed. Her manner on the stand was bad, and she testified that Stander had been asked if he signed the deed freely, without any fear or threats, and that all men who signed deeds always were asked that question. This is obviously untrue, as that question is only asked of a wife.

"I must conclude that upon the whole evidence, the complainant has made out a case and is entitled to a decree, with costs.

"Of course, there must also be an accounting. Mrs. Krall is entitled to whatever balance was due her, or is due her now, upon that accounting, in addition to her one-half interest in the farm, and that must be made a condition of the complainant's relief. He must pay whatever is due Mrs. Krall as between the two, as partners, as it may be developed upon that accounting."

*Mr. James I. Bowers,* for the respondent.

*Mr. Harvey T. Satterthwaite,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Buchanan.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.